[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS (#195.00)
As a threshold issue, the question arose as to whether the court should consider the plaintiff's Memorandum of Law in support of the objection to the Motion to Dismiss. The defendant claims it is untimely. The court finds it is timely. The court interprets Practice Book § 10-31 as meaning that the memorandum must be filed five days before the motion is considered. That is not the same as the first appearance on the short calendar. In fact, this court finds that it is clear and unambiguous that the memorandum be filed before it is considered not five days before the motion first appears on the short calendar. Court finds that the proceeding on October 20th, was not a proceeding on the short calendar.
As to the merits of the Motion to Dismiss the court denies the Motion to Dismiss. Note the Motion to Dismiss does not layout the grounds but defers to the brief for the essence of the Motion to Dismiss. CT Page 15096
The court refers to two related statutes, one is the accidental failure of suits statute § 52-592 and § 52-593
which permits a new action to be filed when a plaintiff has failed to name the correct party in a prior action. Section §52-592 is remedial in nature and is to be liberally construed to avoid hardships arising from the unbending enforcement of the Statute of Limitations.
The complaint against the defendant, LaBianca, was served upon him within one year of the date summary judgment was rendered as required by the statute. Plaintiff complied with § 52-593. The action was commenced in a timely fashion against LaBianca. Thereafter, LaBianca successfully obtained a dismissal for insufficient service a process on LaBianca. Plaintiff then timely filed a new motion to cite in LaBianca pursuant to § 52-592, the accidental failure of suit. This statute read either by itself or in conjunction with § 52-593
is sufficient to save the plaintiff's claim. The accidental failure of suit statute is remedial in nature. It is designed to avoid hardships arising from unbending enforcement of Statutes of Limitation and should be liberally construed. When reviewed in conjunction with § 52-593 the plaintiff's action is timely.
The City of Norwalk's Motion for Summary Judgment was granted in July, 1997. A Motion to Reargue was denied in September, 1997. A new complaint was filed under § 52-593 by way of a motion to cite in party defendant in October of 1997. That complaint was dismissed as to LaBianca in August, 1998 for improper service. In July, 1999 the plaintiff commenced a new action against LaBianca. Thus, the original action was timely filed under § 52-593 and timely refiled under the accidental failure of suits statute § 52-592 within one year of the dismissal for the grounds specified in that statute. Accordingly, the claim is not time barred. Alternatively, the accidental failure of suit statute standing alone is sufficient to save plaintiff's claim. Plaintiff originally filed this action in a timely fashion. The negligence complained of occurred in May, 1994 and the complaint was filed on February 26, 1996. The cause of action alleged derivative liability for negligence pursuant to § 7-465 and that claim remained unchanged. The action has been defeated on several occasions by a manner of form (failure to name a necessary party) and for improper service of process. Both causes are set forth in the statute. That a cause has failed to be tried on more than one occasion for various reasons, such as in this case, is contemplated and covered by the statute. Section 52-592 being CT Page 15097 remedial must be liberally construed.
Accordingly, the Motion to Dismiss is denied.
KARAZIN, J.